UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 16-CV-4649 (JFB)
_____

CHRISTINE M. SURRUSCO,

Plaintiff,

VERSUS

NANCY A. BERRYHILL[1],

Defendant.

_____

**MEMORANDUM AND ORDER**
July 17, 2017
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Christine M. Surrusco ("plaintiff") commenced this action, pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("SSA"), challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying plaintiff's application for disability insurance benefits for the period from July 8, 2014 through October 14, 2015. An Administrative Law Judge ("ALJ") found that plaintiff had the residual functional capacity to perform medium work, of which there were a significant number of jobs in the national economy, and, therefore, that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review.

Plaintiff now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Commissioner has cross-moved for remand and a rehearing before the ALJ. For the reasons set forth below, plaintiff's motion is denied, and the Commissioner's motion is granted.

I. PROCEDURAL BACKGROUND

The following summary of the relevant procedural history is based on the Administrative Record ("AR") developed by the ALJ. (ECF No. 10.) On September 19, 2014, plaintiff filed an application for disability insurance benefits, alleging that she was disabled beginning on July 8, 2014. (AR

_____

[1] Plaintiff commenced this action against Carolyn W. Colvin, who was then the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court is directed to substitute Nancy A. Berryhill, who now occupies that position, as defendant in this action.

118, 191-92.) The claim was denied (*id*. at 118, 135-46), and plaintiff subsequently requested a hearing before an ALJ (*id*. at 148-49). On July 22, 2015, plaintiff appeared with counsel and testified at the hearing. (*Id*. at 27-77.) The ALJ issued an unfavorable decision denying plaintiff's claim on October 14, 2015. (*Id*. at 10-26.) The Appeals Council denied plaintiff's request for review of the ALJ's decision on June 23, 2016, making the ALJ's October 14, 2015 decision the final decision of the Commissioner. (*Id*. at 1-7.)

Although not part of the Administrative Record, the ALJ has represented that on October 15, 2015—the day after the ALJ denied plaintiff's initial application for disability benefits—plaintiff filed another benefits application with a coincident onset date. (Def.'s Br., ECF No. 15, at 12.) By Notice dated March 4, 2017, the Commissioner informed plaintiff that the second application had been granted following a determination that plaintiff was disabled beginning on October 15, 2015. (*See id*. at 13; Decl. of Sean P. Greene, ECF No. 15-1, Exh. 1.) The Commissioner has further represented that the Appeals Council subsequently reviewed that decision and determined that remand of the instant action was warranted due to new evidence adduced during the second application process. (Def.'s Br. at 13.)

Plaintiff filed this action seeking reversal of the ALJ's decision on August 19, 2016. (ECF No. 1.) The Court received the Administrative Record on November 21, 2016. (ECF No. 10.) Plaintiff filed a motion for judgment on the pleadings on January 20, 2017. (ECF No. 11.) The Commissioner cross-moved for remand on May 5, 2017. (ECF No. 14), and plaintiff replied on June 5, 2017 (ECF No. 17).

The Court has fully considered all of the parties' submissions, as well as the Administrative Record.

## II. STANDARD OF REVIEW

A district court may set aside a determination by an ALJ "only if it is based upon legal error or if the factual findings are not supported by substantial evidence in the record as a whole." *Greek v. Colvin*, 802 F.3d 370, 374-75 (2d Cir. 2015) (citing *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008); 42 U.S.C. § 405(g)). The Supreme Court has defined "substantial evidence" in Social Security cases to mean "more than a mere scintilla" and that which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted); *see Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). Further, "it is up to the agency, and not [the] court, to weigh the conflicting evidence in the record." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). If the court finds that there is substantial evidence to support the Commissioner's determination, the decision must be upheld, "even if [the court] might justifiably have reached a different result upon a *de novo* review." *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (internal citation omitted); *see also Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998) ("Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner.").

## III. DISCUSSION

The Commissioner asks the Court to remand this action for further proceedings in light of the new evidence that plaintiff purportedly adduced in support of her second claim for disability benefits. Plaintiff

opposes that request and instead asks the Court to reverse the ALJ's October 14, 2015 decision and remand solely for a calculation of award benefits. In the alternative, if the Court finds that further development of the factual record is required, plaintiff requests that it limit the scope of remand to the period between July 8, 2014 and October 14, 2015.

For the reasons set forth below, the Court agrees with the Commissioner that remand for additional factual findings is warranted and denies plaintiff's request to limit the temporal purview of those proceedings.

A. Applicable Law

The Commissioner moves to have this action remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) in light of the additional medical opinion evidence that plaintiff submitted in support of her October 15, 2015 benefits application. That statute provides, in relevant part, that:

> [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g).

Under this provision, a court may "remand the matter to the agency in order to allow gaps in the evidentiary record to be filled, or for discerned errors to be addressed." *Baggett v. Astrue*, No. 5:11-CV-0195 NAM/DEP, 2012 WL 2814369, at *14 (N.D.N.Y. June 13, 2012) (citing *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996)), *report and recommendation adopted*, No. 5:11-CV-0195, 2012 WL 2814329 (N.D.N.Y. July 10, 2012). On the other hand, "when there is no reason to believe that remand would serve any useful purpose the court may, in its discretion, deem it appropriate to remand solely for a calculation of benefits." *Id*. (citing *Balsamo v. Chater*, 142 F.3d 75, 82 (2d Cir. 1998)). However, the Second Circuit has emphasized that "reversal for calculation of benefits is appropriate *only* when there is 'no apparent basis to conclude that a more complete record might support the Commissioner's decision . . . .'" *De Mota v. Berryhill*, No. 15 CIV. 6855 (PED), 2017 WL 1134771, at *9 (S.D.N.Y. Mar. 24, 2017) (quoting *Rosa*, 168 F.3d at 83) (citing *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980) (remand for calculation of benefits only appropriate where record contains "persuasive proof of disability" and remand for further evidentiary proceedings would serve no purpose)).

B. Analysis

Here, the Commissioner asserts that remand for additional proceedings including a rehearing is warranted under 42 U.S.C. § 405(g) to enable consideration of medical opinion evidence that is not in the Administrative Record before the Court. The Court agrees and exercises its discretion to remand this action to the Commissioner for further factual findings. *See Arshad v. Astrue*, No. 07 CIV 6336 (JSR) (KNF), 2009 WL 996055, at *3 (S.D.N.Y. Apr. 6, 2009) ("Remand under sentence four of § 405(g) is appropriate when further development of the factual record is necessary, or to enable the ALJ to reconsider or demonstrate the use of the appropriate legal standard."), *report and recommendation adopted*, No. 07 CIV. 6336JSR, 2009 WL 2742548 (S.D.N.Y. Aug. 28, 2009). In addition, the Court disagrees with plaintiff that reversal of the ALJ's October 14, 2015 decision and remand for solely a benefits calculation is proper at this juncture because such a remedy "is appropriate only in the rare circumstance

3

where there is persuasive proof of disability in the record and remand for further evidentiary development would not serve any purpose." *Id.*; *see also Rosa*, 168 F.3d at 83; *Parker*, 626 F.2d at 235. In the instant action, the Court is "unable to say that on remand, and with a proper analysis" that "a finding of disability prior to [October 15, 2015] would necessarily result" following a rehearing and consideration of the extra-record evidence. *Baggett*, 2012 WL 2814369, at *14; *see also Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996) ("[A] decision to reverse and direct an award for benefits should be made only when . . . substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits."). First, the new evidence is not presently before the Court. Second, the Administrative Record contains evidence that contradicts plaintiff's position that she was disabled between July 8, 2014 and October 14, 2015, such as the December 22, 2014 assessment of consultative examiner Andrea Pollack, D.O., that plaintiff was neurologically intact, had no sensory or muscle atrophy, and had full strength in her upper and lower extremities. (AR. 366.) As a result, the Court cannot say based on the current Record that substantial evidence indicates that plaintiff was disabled prior to October 15, 2015.

Finally, the Court lacks the authority to prevent the Commissioner from re-visiting upon remand her conclusion that plaintiff was disabled beginning on October 15, 2015. "In general, the case law and Social Security regulations provide that the 'Commissioner may revisit on remand any issues relating to the application for disability benefits.'" *Valverde v. Astrue*, No. 08 CIV. 8084 DAB/DF, 2010 WL 1506671, at *5 (S.D.N.Y. Mar. 23, 2010) (quoting *Thompson v. Astrue*, 583 F. Supp. 2d 472, 475 (S.D.N.Y. 2008)), *report and recommendation adopted sub nom. Valverde v. Comm'r of Soc. Sec.*, No. 08 CIV. 8084 DAB/DCF, 2010 WL 1506673 (S.D.N.Y. Apr. 14, 2010). "Nonetheless, the district courts are empowered to limit the scope of a remand by specifying actions to be taken by the ALJ." *Id.* (citing *Sullivan v. Hudson*, 490 U.S. 877, 885 (1989)). Thus, in "mixed" cases where a plaintiff has challenged the unfavorable portion of an ALJ's decision denying disability benefits for a certain time period—but has not challenged the ALJ's favorable finding of disability for another time period—district courts have remanded those actions to the Commissioner with an instruction that the ALJ re-consider only the unfavorable portion of the decision at issue. *See, e.g.*, *id.* ("Here, Defendant's motion raised no issue regarding the adequacy of the ALJ's finding of disability for the period from September 3, 2003 through May 19, 2005, and this Court can discern no such issue. Accordingly, there is no reason to revisit this determination on remand, and I recommend that . . . the scope of remand be limited to the period from May 20, 2005 forward." (citations omitted)); *Jameson v. Astrue*, No. CIV 09-CV-237-JD, 2010 WL 1568474, at *3 (D.N.H. Mar. 15, 2010), *report and recommendation adopted sub nom. Jameson v. Soc. Sec. Admin.*, No. CIV 09-CV-237-JD, 2010 WL 1568482 (D.N.H. Apr. 14, 2010); *Moreira v. Comm'r of Soc. Sec.*, No. 04-CV-3436 (FB), 2007 WL 4410043, at *1 (E.D.N.Y. Dec. 14, 2007).

However, where a plaintiff seeks to preclude review of a *subsequent* benefits determination that is not part-and-parcel of the decision *sub judice*, a court lacks the authority to prevent the Commissioner from revisiting the second finding upon remand of the antecedent action. *See Moquin v. Berryhill*, No. 3:16-CV-10876-KAR, 2017 WL 1536403, at *2 (D. Mass. Apr. 27, 2017) ("Essentially, what Plaintiff seeks by her amendment is an order from this court precluding the Commissioner from reviewing the subsequent grant of benefits.

4

While Plaintiff's desire to avoid putting this favorable decision in jeopardy is understandable, the court is without authority to so restrain the Commissioner with respect to a final decision that is not before it. The decision whether to reopen the subsequent favorable decision is the Commissioner's, subject to the limitations provided by the regulations."); *Dell v. Astrue*, No. 1:11-CV-1034 GLS, 2012 WL 5880670, at *1 (N.D.N.Y. Nov. 21, 2012) (denying plaintiff's request "to prevent the Commissioner from reopening her second claim for benefits and consolidating it with her first claim upon remand" because the second claim was not before the court and "20 C.F.R. §§ 404.987(b) and 416.1487(b) provide that the Commissioner may reopen and revise a final determination or decision on his own initiative"); *Davis v. Astrue*, No. 10-CV-404-PB, 2011 WL 5006936, at *2 (D.N.H. Oct. 20, 2011); *Encarnación v. Astrue*, 724 F. Supp. 2d 243, 245 (D.P.R. 2010) ("The court lacks jurisdiction over the subsequent award of benefits because no appeal from that claim has been taken to the district court."). Indeed, the case cited in plaintiff's reply brief supports this proposition.[2] *See Rivera v. Astrue*, No. CIV. 07-1912 (JBS), 2008 WL 3285850, at *18-19 (D.N.J. Aug. 8, 2008) ("Not only is the December 2005 claim not properly before the Court, but the record in the instant claim contains no information regarding the December 2005 claim other than the fact that Claimant was adjudged disabled as of December 1, 2005.").

Thus, for these reasons, the Court concludes that remand of the ALJ's October 14, 2015 decision for further proceedings including a rehearing is warranted in light of new evidence that is not part of the Administrative Record before the Court. The Court takes no view on whether the Commissioner should re-visit her determination that plaintiff was disabled beginning on October 15, 2015.

IV. CONCLUSION

For the reasons set forth above, plaintiff's motion for judgment on the pleadings is denied, and the Commissioner's motion for remand is granted. The case is remanded to the ALJ for further proceedings consistent with this Memorandum and Order, including a rehearing.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: July 17, 2017
        Central Islip, NY

\* \* \*

Plaintiff is represented by Charles E. Binder of the Law Offices of Harry J. Binder and Charles E. Binder, P.C., 60 East 42nd Street, Suite 520, New York, New York 10165. The Commissioner is represented by Assistant United States Attorney Sean P. Greene, United States Attorney for the Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York, 11201.

---

[2] Even assuming that this Court had the discretion to limit the scope of remand so as to prevent the Commissioner from re-visiting her determination that plaintiff was disabled beginning on October 15, 2015, the Court would not exercise that discretion here because that decision and the underlying evidence is not part of the Administrative Record before the Court.

5